Theodore A. Kelly, J.
This is an application for. an order granting discovery and inspection of certain ex parte eavesdropping warrants and all tapes and transcripts taken as a result thereof or, in the alternative, for an order vacating the Grand Jury subpoenas .served upon the applicants herein.
On July 27, 1972, the applicants appeared pursuant to subpoena before the Rockland County Grand Jury which had been impanelled to conduct an investigation into the crimes of conspiracy to commit burglary and criminally possessing stolen property within the State of New York. Upon their appearance, the applicants were instructed that they would receive transactional and testimonial immunity from any answers they would give to questions propounded to them by the Grand Jury through its counsel. They were further informed that they could stop the questioning at any time and consult with counsel. They were further instructed that the immunity they received would cover all crimes except perjury and contempt.
After being sworn as witnesses, the applicants gave their names and then refused to answer any further questions, although they were instructed to do so by the foreman of the Grand Jury.
The applicants were then brought before the Honorable William Walsh, . Justice of the Supreme Court. At that time it was revealed that ex parte eavesdropping had been conducted pursuant to court order in conjunction with the investigation and that certain of the applicants had been intercepted as a result of the court-authorized eavesdropping. Justice Walsh then adjourned the matter for the purpose of permitting the applicants to make whatever motions they deemed fit.
The applicants ’ motion for discovery and inspection is predicated largely upon the decision of the United States Supreme Court in the cases of Gelbard v. United States (408 U. S. 41) and United States v. Egan (408 U. S. 41).
*270 In Gelbard v. United States, the Supreme Court reversed a judgment of the Court of Appeals for the Ninth Circuit which had affirmed a judgment of the United States District Court for the Central District of California, finding petitioners in contempt, pursuant to subdivision (a) of section 1826 of title 18 of the United States Code, for their refusal to answer questions before a grand jury. Petitioners had contended that the questions were based upon intercepted communications and refused to answer until such time as they were afforded an opportunity to challenge the legality of the interceptions.
In Egan v. United States, the Supreme Court affirmed a judgment of the Court of Appeals for the Third Circuit which had reversed a judgment of the United States District Court for the Middle District of Pennsylvania, finding respondents in contempt, pursuant to subdivision (a) of section 1826 of title 28 of the United States Code, for their refusal to answer questions before a G-rand Jury. In Egan, respondents had likewise contended that the questions were based upon information overheard from respondents by means of the Government’s illegal wiretapping and electronic surveillance.
Subdivision (a) of section 1826 expressly limited an adjudication of civil contempt to the case of a Grand Jury witness who refused, without just cause, to comply with an. order of the court to testify. The issue presented in Gelbard and Egan, therefore, wa§ whether a showing that interrogation would be based upon the illegal interception of the witness’ communications constituted a showing of “just cause” that would preclude a finding of contempt. In Egan, the G-overnment was not in possession of any eavesdropping warrant. In Gelbard, however, the eavesdropping had been conducted pursuant to a judicially approved eavesdropping warrant.
The applicants now contend that they should be permitted discovery and inspection of the eavesdropping warrants and all tapes and transcripts taken as a result thereof. The applicants allege that such discovery will enable them to determine the validity of the eavesdropping warrants and, further, whether they have standing as aggrieved persons to attack the warrants. The applicants, therefore, seek to extend the Gelbard and Egan doctrines so as to afford them a judicial determination of the validity of the eavesdropping warrant herein as a preliminary to their testimony before the Grand Jury.
The application is opposed by the Attorney-G-eneral of New York and the District Attorney of Rockland County.
*271 In the State of New York, motions for discovery and inspection in criminal cases are controlled by GPL 240.10 et seq. These sections afford the vehicle of discovery and inspection relief to a defendant against whom an indictment is pending. Similarly, a motion to suppress evidence obtained by means of eavesdropping is controlled by GPL 710.10 et seq. This avenue of relief is also' afforded to a “ defendant ”. The term “ defendant ” is defined by GPL 710.10 (subd. 1) as “a person who has been charged by an accusatory instrument with the commission of an offense ”. Clearly the applicants herein are not “ defendants ” as that term is defined by the GPL. The applicants have been summoned to testify before a Grand Jury. They have been granted testimonial and transactional immunity from prosecution. The only crimes with which they may be charged as a result of their testimony are contempt and perjury. None of them are defendants in a criminal action nor is any indictment pending against any of them in Rockland County. There is, therefore, no statutory authority which would permit them to move for discovery and inspection at this time.
Accordingly, the motion is denied.